■ In the Matter of VINCENT J. BOVINO, Petitioner, v. MARTIN SCOTT, as Fire Commissioner of the Fire Department of the City of New York, Respondent.— Determination of the Fire Commissioner modified, on the facts and in the exercise of discretion, by reducing the punishment imposed from dismissal to suspension for a period of six months. As so modified, the determination is affirmed, without costs and without disbursements. The Commissioner's finding that petitioner was guilty of the charges herein is supported by substantial evidence. Under the circumstances, however, the punishment imposed was excessive when viewed in the light of 26 years' service without charges of any nature and the further fact that dismissal entails forfeiture of accrued pension rights. We are mindful of section 487a–12.0 of the Administrative Code of the City of New York to the effect that "not more than ten days' pay shall be forfeited and withheld for any offense." Under the circumstances of this case and in the light of CPLR 7803 (subd. 3) and its predecessor subdivision 5-a of section 1296 of the Civil Practice Act, we hold that the imposition of the six months' period is within our competence. (*Matter of Mitthauer* v. *Patterson*, 8 N Y 2d 37, 42, 43.) Concur — Capozzoli, Tilzer, McNally and McGivern, JJ.; Steuer, J. P., dissents in the following memorandum: The majority has concluded that respondent commissioner acted properly in disciplining petitioner but has reduced the punishment from dismissal to six months' suspension. There can be little dispute that the infliction of some sanction is well warranted but I believe the modification is without legal support. Petitioner was found guilty on three counts, none of which did he ever dispute. The first concerned the official badges issued to firemen and policemen. For reasons that will be adverted to, the respective departments require that if a badge is lost or otherwise requires replacement, an application must be made and the replacement issued on proper conditions. Petitioner undertook to bypass these regulations and for a fee procured duplicate badges for any policeman or fireman who desired one. It must be obvious that such badges are not only a potential source of great danger to the public but tend to bring the respective departments into disgrace. What easier method of gaining entrance to a building than showing a badge identifying the holder as a fireman could be devised? And we have seen instances of extortion practiced by criminals claiming to be police officers and similarly identified. Victims of these and other like practices do not always realize the spurious character of the badge and its holder, and the department suffers in the public esteem. Even though respondent never inquired to what use his customer intended to put the badge, his infraction of the rules was no mere technicality. The second charge is selling fire extinguishers. It was not established that respondent used any improper coercion on the people to whom he sold. But the solicitation of persons to buy such an article by a fireman is in itself a form of coercion. Lastly, the respondent engaged in the practice of exhibiting pornographic films in firehouses. Against this the majority feels that petitioner's 26 years of service should be considered as a mitigating factor, reducing the punishment substantially and preserving petitioner's pension rights. This is presumably based on the view that 26 years without charges being preferred means a like period of faithful service. Actually it means 26 years without being caught. Petitioner must have been engaged in these activities for a considerable portion of his term of service. This is evidenced by the fact that his charges for the services were not large, yet he claimed his privilege as to his resources. Conduct of this character is, in my opinion, not to be condoned and protecting petitioner's pension rights is a strong advertisement to others that adopting it would be well advised since it will entail no serious consequence. Furthermore, I believe this court has no competence to reduce this

punishment. As the majority indicates, in the case of firemen the Administrative Code provides for two kinds of punishment: forfeiture of pay for not more than 10 days (487a–12.0) or dismissal. The minimal punishment apparently is intended to cover minor infractions of the rules. But the legislative authority has decreed that in a uniformed force where discipline is essential to its functioning in any degree, an offender cannot be retained on the rolls. Where, as here, there is substantial evidence of wrongdoing, the commissioner's determination is final (*Matter of McDermott* v. *Murphy,* 15 A D 2d 479). Reliance on *Matter of Mitthauer* v. *Patterson* (8 N Y 2d 37) is misplaced. There the petitioner was an employee of the Transit Authority. The peculiar situation in regard to the uniformed forces was absent. Yet the court said (p. 42): "With some hesitation we conclude that the Appellate Division's reduction of this penalty was authorized by subdivision 5-a." In any event, the subdivision referred to (Civ. Prac. Act, § 1296, now CPLR 7803 [subd. 3]) merely authorizes the court to determine whether the authority abused its discretion in imposing the measure of punishment. *Mitthauer* holds that where such abuse is found, the proper penalty can be fixed without remitting the matter to the authority. It is difficult, and I believe impossible, to find in either the section or the case construing it, authority in this or any court to obviate the whole legislative plan of discipline. The determination of the Commissioner should be confirmed.